**HADERLEIN AND KOUYOUMDJIAN LLP**
Jonathan Haderlein, State Bar No. 336644
jhaderlein@handklaw.com
Krikor Kouyoumdjian, State Bar No. 336148
kkouyoumdjian@handklaw.com
700 S. Flower St., Suite 1000
Los Angeles, California 90017
Telephone: (818) 304-3435

*Attorneys for Plaintiff William Crigler*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM CRIGLER, an individual on his own behalf;<br><br>Plaintiff,<br><br>v.<br><br>XPO, INC., a Delaware Corporation, SAUNDRA COYLE, an individual, and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 5:25-cv-01776 MRA (JPRx)<br><br>Judge Mónica Ramírez Almadani<br><br>MOTION TO REMAND<br><br>DATE: October 6, 2025<br>TIME: 1:30 PM<br>LOCATION: Courtroom 9B |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 6, at 1:30 PM, or as soon thereafter as the matter may be heard in the courtroom of the Honorable Mónica Ramírez Almadani, Plaintiff William Crigler will and hereby does move this Court for an Order remanding this action to the Superior Court of the State of California, County of San Bernardino. Plaintiff further moves for an award of reasonable attorneys' fees and costs against Defendant XPO, Inc., and Saundra Coyle (collectively "Defendants"), for fees and costs incurred as a result of Defendants' improper removal of this action, pursuant to 28 U.S.C. § 1447(c).

This motion is made on the grounds that this Court lacks subject matter jurisdiction over this action because complete diversity of citizenship does not exist between the parties, as required by 28 U.S.C. § 1332. Specifically, both Plaintiff William Crigler and Defendant Saundra Coyle are citizens of the State of California. Defendants' argument that Ms. Coyle is a "sham" or "fraudulently joined" defendant is frivolous and procedurally improper. Defendants have failed to meet the high burden for a showing of a sham or fraudulently joined plaintiff required under Ninth Circuit law.

This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Jonathan Haderlein, the pleadings and papers on file in this action, and such other evidence and argument as may be presented to the Court at the time of the hearing.

HADERLEIN AND KOUYOUMDJIAN LLP

By: ______________________

Jonathan Haderlein
Krikor Kouyoumdjian
Attorneys for Plaintiff
William Crigler

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This is a straightforward employment action alleging race discrimination, harassment, and retaliation under California's Fair Employment and Housing Act ("FEHA"). Plaintiff William Crigler ("Plaintiff"), a California citizen, filed his Complaint in California Superior Court, naming as defendants his corporate employer, XPO, Inc. ("XPO"), and his direct supervisor, Saundra Coyle, who is also a California citizen (collectively "Defendants").

On July 14, 2025, Defendants improperly removed the action to this Court, asserting diversity jurisdiction. (ECF 1, "Removal"). Their entire jurisdictional claim hinges on the baseless assertion that Ms. Coyle, the individual supervisor who personally engaged in the alleged harassment, is a "sham defendant" whose citizenship should be ignored.

Defendants' argument fails. The standard for proving fraudulent joinder is exacting, and Defendants are nowhere close to meeting it. They must show that there is no possibility that Plaintiff can state a claim against Ms. Coyle. Instead, they ask this Court to adopt a flawed interpretation of California's anti-harassment laws and to prematurely adjudicate the merits of Plaintiff's claims—a task reserved for the state court. Because Ms. Coyle is a proper, non-diverse defendant, this Court lacks subject matter jurisdiction, and this case must be remanded.

**II. LEGAL STANDARD**

There is a strong presumption against removal jurisdiction. Federal courts are courts of limited jurisdiction, and the burden of establishing that jurisdiction lies with the removing party. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* All doubts as to the propriety of removal are to be resolved in favor of remand.

When a plaintiff sues a non-diverse defendant in state court, a diverse defendant may not remove the action simply by alleging the joinder was improper. The defendant must meet the "heavy burden" of proving fraudulent joinder. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

To do so, the defendant must show that the individual defendant was "fraudulently joined." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder is only fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* The court must remand if there is a "mere possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." *Hunter*, 582 F.3d at 1046.

Courts may examine potentially fraudulent joinder by engaging in a "summary inquiry" to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "A plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge. *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011). Courts maintain a general presumption that the inclusion of a non-diverse defendant is not for the purposes of creating a sham defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Fraudulent joinder must be proven by "clear and convincing evidence." *Id.* In performing this inquiry, "the district court must consider ... whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018). When engaging in a fraudulent joinder analysis, the Court "must evaluate the factual allegations and evidence in the light most favorable to the plaintiff, resolving all contested issues of fact in favor of the plaintiff." *McGrann v. AT & T Mobility Servs., LLC*, 2016 WL 6205596 at *3 (E.D. Cal. Oct. 21, 2016). Arguments that "go to the sufficiency of the complaint, rather than to the possible viability of claims" against a diverse defendant, "do not establish fraudulent joinder." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018).

## III. ARGUMENT

### A. Defendants Have Failed to Prove that Defendant Coyle is a Sham Defendant

Defendants' removal is premised entirely on their ability to disregard the citizenship of Saundra Coyle. They cannot. Plaintiff has alleged a viable, colorable claim for harassment against Ms. Coyle under California's FEHA, and her joinder is therefore proper.

Defendants argue that the alleged harassment by Ms. Coyle was merely "personnel management actions" and therefore not actionable. This argument fundamentally misconstrues California law and ignores the specific allegations in the Complaint.

Under FEHA, it is unlawful for an employee to harass another employee because of race. Cal. Gov. Code § 12940(j)(3). Unlike claims for discrimination, supervisors can be held personally liable for harassment. *Reno v. Baird*, 18 Cal. 4th 640, 645-46 (1998). "Harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance." *Id.* While it is true that "commonly necessary personnel management actions" alone do not typically constitute harassment, *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63 (1996), this principle is not absolute. Personnel actions lose their legitimacy and can become actionable harassment when they are infused with discriminatory animus and contribute to a hostile work environment. The California Supreme Court has recognized that the line between harassment and discrimination is not always clear. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009) (noting that "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message.").

Here, Plaintiff alleges that Ms. Coyle engaged in far more than neutral management. The Complaint alleges a pattern of abusive conduct, including:

- "making demeaning comments";
- "unnecessarily micromanaging him despite having stronger performance than other comparators in his position who were not black";
- "enforcing discipline against him that was undeserved and harsher than that given to other non-black comparators"; and
- "placing him on a pretextual and undeserved performance improvement plan."

Taken as true, these are not "necessary" personnel management actions. They are allegations of pretextual, racially motivated abuse designed to create a hostile work environment. Defendants' attempt to sanitize this conduct by labeling it "management" asks this Court to improperly take up and resolve disputed factual issues against the Plaintiff, which is completely improper at this stage. The determination of whether conduct is "severe or pervasive" is a fact-

intensive inquiry for a jury, not for the court to decide on a motion to remand based on competing characterizations of the facts. There is more than a "mere possibility" that a California court would find these allegations sufficient to state a harassment claim against Ms. Coyle personally. *Hunter*, 582 F.3d at 1046.

Furthermore, even if the Court was inclined to find Plaintiff's allegations insufficient to allege a claim for harassment, it does not render Defendant Coyle a "sham defendant." It is more than plausible that Plaintiff could allege additional facts to maintain his harassment claim against Ms. Coyle. Defendant is somehow seeking, in one stroke, to dismiss Ms. Coyle from the case with a merits determination without Plaintiff being provided even an opportunity for a first amendment, with a vehicle that is not meant to challenge insufficient pleadings. Defendants could have easily challenged the sufficiency of Plaintiff's harassment claim with a demurrer, a vehicle specifically designed to adjudicate this exact issue, but instead chose to shoehorn this pleadings challenge into a removal.

**B. Because Complete Diversity is Lacking, This Court Must Remand the Case**

Plaintiff William Crigler is a citizen of California. Based on information and belief, Defendant Saundra Coyle resides and works in the State of California and is therefore a citizen of California. Because Plaintiff and one of the named defendants are citizens of the same state, complete diversity as required by 28 U.S.C. § 1332(a) is absent. As Defendants have failed to meet their heavy burden of proving fraudulent joinder, the citizenship of Ms. Coyle cannot be disregarded. This Court lacks subject matter jurisdiction and must remand this action.

**IV. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees is appropriate where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendants lacked an objectively reasonable basis for removal. The standard for fraudulent joinder in the Ninth Circuit is long-settled and exceptionally high. Defendants' argument rested on a selective reading of California's anti-harassment law and required the Court

to ignore the core allegations of the Complaint. Given the strong presumption against removal and the clear possibility that Plaintiff stated a claim against Ms. Coyle, the removal was objectively unreasonable. Defendants should be ordered to pay sanctions to Plaintiff's Counsel for the fees and costs incurred in bringing this motion.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff William Crigler respectfully requests that the Court grant this motion, remand this action to the Superior Court of California for the County of San Bernardino, and order that Defendants pay sanctions to Plaintiff's Counsel their reasonable attorneys' fees and costs in the amount of $5,000.00, as detailed in the accompanying declaration of Jonathan Haderlein.

HADERLEIN AND KOUYOUMDJIAN LLP

By: ______________________________
Jonathan Haderlein
Krikor Kouyoumdjian
Attorneys for Plaintiff
William Crigler