SEYFARTH SHAW LLP
Michael J. Burns (SBN 172614)
mburns@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Amanda Mazin (SBN 316972)
amazin@seyfarth.com
601 S. Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendants
XPO, INC. and SAUNDRA COYLE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CRIGLER, an individual on his own behalf;<br><br>Plaintiff,<br><br>v.<br><br>XPO, INC., a Delaware Corporation, SAUNDRA COYLE, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 5:25-cv-01776 MRA (JPRx)<br><br>**DEFENDANTS' XPO, INC. AND SAUNDRA COYLE'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**<br><br>Hearing Date: October 6, 2025<br>Time: 1:30 p.m.<br>Location: 9B |

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ... 1

II. STATEMENT OF FACTS ... 2

A. Plaintiff's Complaint ... 2

B. Plaintiff Failed to Meet and Confer Prior to Filing His Motion to Remand ... 3

III. ARGUMENT ... 3

A. Ms. Coyle is a Sham Defendant and Her Citizenship Should Not Be Considered For Purposes of Diversity Jurisdiction ... 3

1. *Legal standard for "sham defendant"* ... 3

2. *Plaintiff fails to allege that he suffered from a hostile work environment.* ... 4

3. *Personnel management actions taken by Coyle cannot form the basis of a harassment claim as a matter of law.* ... 7

IV. PLAINTIFF IS NOT ENTITLED TO ANY AWARD OF SANCTIONS IN THE FORM OF ATTORNEYS' FEES ... 8

V. PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE REQUIREMENTS OF LOCAL RULE 7-3 ... 10

VI. CONCLUSION ... 11

# TABLE OF AUTHORITIES

Page(s)

## Federal Cases

*Acad. of Country Music v. Cont'l Cas. Co.*,
991 F.3d 1059 (9th Cir. 2021) .......... 4

*Cofer v. Parker-Hannifin Corp.*,
194 F. Supp. 3d 1014 (C.D. Cal. 2016) .......... 6

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014) .......... 4

*Hawkins v. Transdev. Servs.*,
2023 U.S. Dist. LEXIS 218535 (N.D. Cal. Dec. 7, 2023) .......... 8

*Hunter v. Philip Morris*,
582 F.3d 1039 (9th Cir. 2009) .......... 3

*Khasan v. Ghasemi*,
2010 U.S. Dist. LEXIS 35772 (C.D. Cal. April 5, 2010) .......... 9

*Lewis v. Time Inc.*,
83 F.R.D. 455 (E.D. Cal. 1979) .......... 3

*Lott v. Pfizer, Inc.*,
492 F.3d 789 (7th Cir. 2007) .......... 9

*Martin v. Franklin Capital Corp.*,
546 U.S. 132 (2005) .......... 9

*Martinez v. Schneider Logistics Transloading and Distribution, Inc.*,
No. EDCV 16-1886-JGB, 2016 WL 6833911 (C.D. Cal. Nov. 18, 2016) .......... 6

*McCabe v. General Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987) .......... 3

*Meritor Savings Bank v. Vinson*,
477 U.S. 57 (1986) .......... 4

*Morris v. Princess Cruises, Inc.*,
236 F.3d 1061 (9th Cir. 2001) .......... 6

*Sendejas v. Coca-Cola Refreshments, USA, Inc.*,
No. CV 18-2203-MWF (EC), 2018 WL 2759391 (C.D. Cal. June 7, 2018) .......... 6, 7

## State Cases

*Fisher v. San Pedro Peninsula Hospital*,
214 Cal. App. 3d 590 (1989) .......... 4, 5

*Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55 (1996) ........ 6, 7

*Lyle v. Warner Brothers Televisions Prods.*, 38 Cal. 4th 264 (2006) ........ 8

*Miller v. Dep't of Corr.*, 36 Cal. 4th 446 (2005) ........ 5

*Mokler v. County of Orange*, 157 Cal. App. 4th 121 (2007) ........ 5

*Ortiz v. Dameron Hospital Assn.*, 37 Cal. App. 5th 568 (2019) ........ 4

*Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) ........ 7, 8

**Federal Statutes**

28 U.S.C. § 1332 ........ 1

28 U.S.C. § 1447(c) ........ 1, 8, 9

**State Statutes**

California Code of Civil Procedure § 1060 ........ 2

California Fair Employment and Housing Act ........ 1

California Government Code §§ 12920 and 12920, et seq. ........ 2

FEHA ........ *passim*

Gov. Code § 12940(a) ........ 2

Gov. Code § 12940(h) ........ 2

Gov. Code § 12940(k) ........ 2

Labor Code § 1102.5 ........ 2

**Rules**

F.R.C.P. Rule 26 ........ 3

Federal Rule of Civil Procedure 8(a) ........ 4

Local Rule 7-3 ........ 1, 10

**Other Authorities**

*McBroom v. Wal-Mart Stores, Inc.*, No. 2:15-CV-02648 ........ 7

## I. INTRODUCTION

William Crigler's ("Plaintiff") Motion for Remand should be denied. XPO, Inc. and Saundra Coyle ("Defendants") properly removed this action to federal court on the basis of diversity jurisdiction. The federal district court has jurisdiction of this matter because Defendant Saundra Coyle is a sham defendant under 28 U.S.C. § 1332 whose citizenship should not be considered. Plaintiff has failed to allege any viable claim against Ms. Coyle because there are no facts in the complaint supporting that Mr. Crigler has an actionable claim for hostile work harassment against her. In addition, Mr. Crigler's cause of action for declaratory and injunctive relief against Ms. Coyle is not a proper standalone cause of action, which Plaintiff does not dispute.

Plaintiff's sole basis for remand is that he claims that he has established a California Fair Employment and Housing Act ("FEHA") harassment claim against Coyle. Even when reading the Complaint most favorably to Plaintiff, it is clear that no reasonable person would find Plaintiff's allegations against Coyle as unlawful, harassing, demeaning, or toxic. Rather, what Plaintiff characterizes as "harassing" are simply everyday, personnel management decisions that Plaintiff simply did not like. But this does not transform ordinary management decisions into a harassment claim, and Plaintiff's invitation to find liability here would turn a FEHA harassment claim on its head and severely restrict managers from making ordinary and necessary business decisions.

Furthermore, Plaintiff's request for attorneys' fees under 28 U.S.C. § 1447(c) is unwarranted, where, as here, there is an "objectively reasonable basis for removal" namely Defendants' argument, based on recognizable and good-standing law, that Defendant Coyle was fraudulently joined.

Finally, Plaintiff has failed to comply with the meet and confer requirements of Local Rule 7-3 of the U.S. Court for the Central District of California, prior to filing his papers. Specifically, Plaintiff did not meet and confer at least 7 days prior to filing this

motion. Rather, Plaintiff did not meet and confer at all. On this basis alone, Plaintiff's Motion should be denied.

As further explained herein, this Court has jurisdiction over this matter by way of diversity jurisdiction that cannot be defeated by the addition of sham defendant Saundra Coyle and Plaintiff's motion must be denied.

## II. STATEMENT OF FACTS

### A. Plaintiff's Complaint

Plaintiff alleges seven Causes of Action in his Complaint for: (1) § Discrimination Based on Race in Violation of FEHA [Gov. Code § 12940(a); (2) Failure to Prevent Discrimination in Violation of FEHA [Gov. Code § 12940(k); (3) Retaliation in Violation of FEHA [Gov. Code § 12940(h); (4) Retaliation in Violation of Labor Code Section 1102.5; (5) Wrongful Termination in Violation of Public Policy; (6) Racial Harassment in Violation of FEHA [Gov. Code § 12940(h); and (7) Declaratory and Injunctive Relief Under California Code of Civil Procedure §1060; California Government Code §§ 12920 and 12920, et seq. Causes of Action Six and Seven are alleged against Ms. Coyle in addition to XPO, Inc.[1]

Regarding Cause of Action Six for Racial Harassment, Plaintiff alleges that Coyle repeatedly harassed Plaintiff due to his race, making demeaning comments, unnecessarily micromanaging him despite him having stronger performance than other comparators in his position who were not black, enforcing discipline against him that was undeserved and harsher than that given to other non-black comparators, and placing him on a pretextual and undeserved performance improvement plan. (Compl. ¶ 86). He also alleges that he experienced harassment and unreasonable demands from Coyle, with similar individuals who were not African American being spared this mistreatment despite having comparable or worse performance than he did. This included excessive scrutiny of

[1] / One of the bases that Defendants allege that Saundra Coyle is a sham defendant in its Notice of Removal is that Cause of Action Seven for declaratory and injunctive relief is an improper standalone cause of action that cannot be brought against Coyle. Plaintiff does not dispute that in this Motion. Given Plaintiff's concession, Defendants do not argue this further in this Opposition.

his whereabouts, unreasonable expectations for immediate responses during commute times, and other forms of mistreatment. (*Id.* ¶¶ 17-18).

### B. Plaintiff Failed to Meet and Confer Prior to Filing His Motion to Remand

Plaintiff filed his Motion for Remand on August 21, 2025. On August 18, 2025, Defendants' counsel reached out to Plaintiff's counsel to schedule a F.R.C.P. Rule 26 conference. Declaration of Amanda Mazin ("Mazin Decl.") ¶ 3, Ex. A. On August 21, 2025, the Parties agreed to conduct the F.R.C.P. Rule 26 conference on August 25, 2025. *Id.* During this correspondence, there was no mention of Plaintiff's Motion for Remand. *Id.* On August 25, 2025, during the Parties' F.R.C.P. Rule 26 telephonic conference, there was also no mention by Plaintiff regarding his then-filed Motion for Remand. (Mazin Decl. ¶ 4). Plaintiff did not meet and confer at any point prior to filing this Motion for Remand. (Mazin Decl. ¶ 5).

## III. ARGUMENT

### A. Ms. Coyle is a Sham Defendant and Her Citizenship Should Not Be Considered For Purposes of Diversity Jurisdiction

#### 1. *Legal standard for "sham defendant"*

A defendant's citizenship may be disregarded for diversity purposes if that party's joinder is a "sham" or "fraudulent" in the sense that no claim for relief has been properly stated against that party. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339-40 (9th Cir. 1987) (plaintiffs cannot derail a defendant's right to remove by the trick of naming a non-diverse defendant where no claim can properly be maintained against that non-diverse defendant); *Hunter v. Philip Morris*, 582 F.3d 1039, 1043 (9th Cir. 2009) (a non-diverse defendant may be disregarded if that person's joinder is fraudulent in that no claim can be established against that party). *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham or fraudulent device to prevent removal").

A notice of removal need only satisfy the Federal Rule of Civil Procedure 8(a)'s "short and plain" statement and the removal notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) ("[T]he fact that the party removing a case to a federal district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden.")

As explained below, Plaintiff cannot maintain his claims against Defendant Coyle as matter of law rendering Defendant Coyle a sham defendant for purposes of diversity jurisdiction.

**2. *Plaintiff fails to allege that he suffered from a hostile work environment.***

In order to prove a claim for harassment against Coyle, Plaintiff must prove he was: (1) a member of a protected class; (2) subjected to unwelcome harassment; (3) the harassment was based on Plaintiff's protected class; (4) the harassment unreasonably interfered with plaintiff's work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment." *Ortiz v. Dameron Hospital Assn.*, 37 Cal. App. 5th 568, 581 (2019). Plaintiff has not stated sufficient facts to be able to prove the third or fourth element of this claim. As a result, Plaintiff cannot maintain any claims against Ms. Coyle who, as a result, is a sham defendant.

Regarding the fourth element, Plaintiff must prove he was subjected to harassing conduct because of his race that was sufficiently severe or pervasive so as to alter the conditions of his employment. *See Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 608 (1989). The gravamen of a harassment claim is that, to be actionable, the conduct at issue is so severe or pervasive as to create an abusive working environment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986). "In determining what constitutes 'sufficiently pervasive' harassment, the courts have held acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must

show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Mokler v. County of Orange*, 157 Cal. App. 4th 121, 142 (2007). Put another way, "[t]he plaintiff must prove that the defendant's conduct would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee and that [he] was actually offended." *Fisher*, 214 Cal. App. 3d at 610. The California Supreme Court has held that a claim for FEHA harassment generally includes some form of offensive communication, e.g., "[i] verbal harassment, including 'epithets, derogatory comments or slurs on a basis enumerated in the Act'; [ii] physical harassment, including 'assault, impeding or blocking movement, or any physical interference with normal work or movement, when directed at an individual on a basis enumerated in the Act'; and [iii] visual harassment, including 'derogatory posters, cartoons, or drawings on a basis enumerated in the Act'" *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 461 (2005).

Unlike the above mentioned case, it is evident that Plaintiff has not plead (and cannot plead) anywhere near enough facts to establish a harassment claim against Defendant Coyle. In his Motion, Plaintiff points to the same conclusory allegations in his Complaint, that Defendant Coyle allegedly made unspecified demeaning comments, unnecessarily micromanaged him, enforced discipline against him that was undeserved and harsher than that given to other non-Black comparators; and placed him on an undeserved performance improvement plan. (Mot. at 3, *see* Complaint at ¶¶ 17-18, 86). Here, Plaintiff's alleged conduct does not rise to the level of a hostile work environment because no reasonable person would believe that these interactions were harassing, offensive, or disparaging and certainly no reasonable person would find that these interactions created a hostile work environment. *See Miller*, 36 Cal. 4th at 811 ('[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'") (internal citations omitted).

Regarding Plaintiff's first allegation of "demeaning comments," Plaintiff's complaint is devoid of any further facts to show what the comments were, when and how often they were said, whether they were said directly to him, or whether they had anything to do with his race, nor has Plaintiff even attempted to proffer any additional facts that he could add to his Complaint to sufficiently state claims against Coyle.

Regarding the remainder of the allegations, if anything, these actions are everyday work encounters that employees across the United States experience on a daily basis, and courts routinely find that defendants are fraudulently named under similar circumstances. *See, e.g.*, *Cofer v. Parker-Hannifin Corp.*, 194 F. Supp. 3d 1014, 1019-22 (C.D. Cal. 2016) (denying motion to remand where allegations that fraudulent joined defendants refused to promote the plaintiff, precluded him from further training, and excluded him from meetings were "entirely personnel-related" and resembled a discrimination claim more than a harassment claim); *Martinez v. Schneider Logistics Transloading and Distribution, Inc.*, No. EDCV 16-1886-JGB (DTBx), 2016 WL 6833911, at *3-4 (C.D. Cal. Nov. 18, 2016) (denying motion to remand and finding disability harassment allegations against fraudulently jointed defendant insufficient where the only actions alleged "relate[d] to decisions about Plaintiff's responsibilities and eventual termination," even if such actions were "unprofessional or even inappropriate.";

Moreover, Plaintiff's attempt to characterize the above actions as "racially-motivated" by alleging that other non-Black employees did not suffer the same conduct likewise fails to provide a basis for Plaintiff's theory of liability and is irrelevant to establish a harassment claim. *See Sendejas v. Coca-Cola Refreshments, USA, Inc.*, No. CV 18-2203-MWF (EC), 2018 WL 2759391, at *3 (C.D. Cal. June 7, 2018) ("a harassment claim based on managerial functions fails 'even if improper motivation is alleged.'") (citing *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996).)

Accordingly, Defendant Coyle must be disregarded for purposes of diversity because she is a "sham" defendant, and cannot be found liable as a matter of law. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

### 3. *Personnel management actions taken by Coyle cannot form the basis of a harassment claim as a matter of law.*

Plaintiff does not disagree that personnel management actions cannot establish a claim for FEHA harassment. Rather, without citing to any contrary case law to Defendants' position that the actions alleged are personnel management actions, Plaintiff argues that the conduct alleged should not be considered "personnel management actions" but rather "pretextual, racially motivated abuse designed to create a hostile work environment." (Mot. at 3).

California law makes clear that a claim for harassment cannot be based on everyday personnel management activities, such as "hiring and firing, job or project assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions." *Sendejas*, 2018 WL 2759391, at *3 (citing *Janken*, 46 Cal. App. 4th at 62-63.) "Importantly, a harassment claim based on managerial functions fails 'even if improper motivation is alleged.'" *Id*. (citing *Janken*, 46 Cal. App. 4th at 62-63). "Harassment, then, does not include conduct simply necessary for the performance of [a] supervisory employee's job." *McBroom v. Wal-Mart Stores, Inc.*, No. 2:15-CV-02648 MCE-EFB, 2016 WL 3549606, at *3 (E.D. Cal. June 30, 2016) (England Jr., Hon.) (internal citation and quotation marks omitted).

Plaintiff's reliance on *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 710 (2009), is misplaced. Mot. at 3. In *Roby*, the plaintiff had a medical condition "that caused her body to produce an unpleasant odor, and … open sores." 47 Cal. 4th at 695. The supervisor made fun of the plaintiff's odor, sores, and sweating, and he also did not give her "specialty food items, holiday gifts, and travel trinkets" regularly given to others. Given that commenting on Roby's body odor, sores, and sweating and excluding Roby from trinket handouts was not work related at all, the Court indicated that such conduct could not "fairly be characterized as an official employment action." *Id*. at 709.

Here, however, Plaintiff alleges no facts suggesting any similar conduct. Instead, Plaintiff alleges conduct that is within the scope of legitimate personnel-management

decisions. Plaintiff alleges that Coyle made demeaning comments, micromanaged Plaintiff, enforced discipline against him, and placed him on a performance improvement plan. Mot. at 3. These are the very definition of legitimate "personnel management activities." Plaintiff's attempt to allege that non-Black employees were not subject to the same treatment (even if taken as true and considered an improper motivation based on race) does not save his harassment claim. As such, Plaintiff does not allege any conduct that would transform inactionable workplace criticism to actionable harassment.

*Roby* itself recognizes that courts conclude that verbal abuse in the workplace or "demeaning comments … were necessary personnel management actions, not acts of harassment." *Roby*, 47 Cal. 4th at 709 n. 10; *see also Lyle v. Warner Brothers Televisions Prods.*, 38 Cal. 4th 264, 295 (2006) ("[T]he FEHA is not a 'civility code' and is not designed to rid the workplace of vulgarity.").

Thus, Plaintiff's case is nothing like *Roby*. Rather, Plaintiff's allegations are aligned with post-*Roby* cases where a complaint alleges harassment but sets forth no facts showing that conduct was not personnel related. *See e.g., Hawkins v. Transdev. Servs.*, 2023 U.S. Dist. LEXIS 218535, at *10-11 (N.D. Cal. Dec. 7, 2023) (denying motion to remand where harassment allegations against California manager consisted of failing to provide employee with a consistent schedule and consecutive days off, issuing discipline to the employee for errors, counting absences as points against the employee, and terminating the employee).

Therefore, as a matter of law, Defendant Coyle cannot be liable for her interactions with Plaintiff because, at most, they were personnel management activities that are common practice in every workspace on a daily basis.

## IV. PLAINTIFF IS NOT ENTITLED TO ANY AWARD OF SANCTIONS IN THE FORM OF ATTORNEYS' FEES

Plaintiff, without filing a separate properly noticed motion requesting fees, contends in the body of his Motion for Remand, that he is entitled to attorneys' fees and costs arising from an "improper removal" both under 28 U.S.C. § 1447(c). (Mot. at 4). Plaintiff, however, has no basis for seeking this type "sanction" in this case.

There is no automatic entitlement to an award of attorneys' fees on remand. Rather, 28 U.S.C. § 1447(c) provides that the Court *may* require payment of "just costs and attorney fees." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

It is well-settled that attorneys' fees should not be awarded if the removal appeared proper at the time it was filed. "[A]bsent unusual circumstances, attorneys' fees should **not** awarded when the removing party has an objectively reasonable basis for removal." *Martin*, 546 U.S. at 136 (emphasis added). The standard for showing an "objective reasonable basis for removal" is not difficult. "If clearly established law did not foreclose a defendant's basis for removal, then a district court should **not** award attorney's fees." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) (emphasis added). *See Khasan v. Ghasemi*, 2010 U.S. Dist. LEXIS 35772 at *13 (C.D. Cal. April 5, 2010) (denying sanctions under *Martin* because defendants' grounds for seeking removal were "not objectively unreasonable, although they were ultimately unpersuasive"). No such unusual circumstances are present here.

In this case, Plaintiff argues that "Defendants' argument rested on a selective reading of California's anti-harassment law and required the Court to ignore the allegations of the Complaint. Given the strong presumption against removal and the clear possibility that Plaintiff stated a claim against Ms. Coyle, the removal was objectively unreasonable." (Mot. at 4-5). This is not so. Defendants' reading of the law was not selective. It is undisputed that in order for there to be diversity jurisdiction based on citizenship of the parties, there has to be to be actionable claim of harassment against Coyle. It is also undisputed that the alleged conduct against Coyle has to be severe or pervasive and that personnel management actions are not considered actionable conduct. Given that the allegations taken at face-value, based on well-established law, do not support a claim against Coyle, Defendants had an objectively reasonable basis for removal.

## V. PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE REQUIREMENTS OF LOCAL RULE 7-3

Finally, Plaintiff's Motion to Remand (and corresponding request for attorneys' fees and costs in connection with his motion) should be denied because Plaintiff, who is represented by California counsel, has not complied with the meet and confer requirements under USDC C.D. Cal. Local Rule 7-3 prior to filing his papers.

Local Rule 7-3 entitled "Conference of Counsel Prior to Filing of Motions" states as follows:

> In all cases … counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. **Failure to include such a declaration may result in the motion being denied**.

(USDC C.D. Cal. Local Rule 7-3; emphasis added). Plaintiff did not satisfy the meet and confer requirement prior to filing his papers. Rather, Plaintiff did not attempt to meet and confer at all prior to filing his Motion to Remand, despite Defendants reaching out to Plaintiff days before and the Parties speaking on the very same date, but before Plaintiff files his Motion. (Mazin Decl. ¶ 3-5). For obvious reasons, Plaintiff then chose to ignore the requirements of Local Rule 7-3 by failing to include a declaration with his Motion to Remand to show that he met and conferred, because he could not declare so under penalty of perjury. On this basis alone, Plaintiff's Motion should be denied.

## VI. CONCLUSION

For the reasons stated above, Defendants request that Plaintiff's Motion to Remand and request for attorneys' fees and costs be denied and this Court retain jurisdiction over this matter.

DATED: September 15, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: *s/ Amanda Mazin*
Michael J. Burns
Amanda Mazin

Attorneys for Defendants
XPO, INC. and SAUNDRA COYLE