UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

| Case No. | 5:25-cv-01776-MRA-JPR | Date | December 5, 2025 |
|---|---|---|---|
| Title | *William Crigler v. XPO, Inc., et al.* | | |

Present: The Honorable  MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]**

Before the Court is Plaintiff William Crigler's Motion to Remand (the "Motion"). ECF 12. The Court has read and considered the Motion and deemed it appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion, ordering this case remanded to San Bernardino County Superior Court (Case No. CIVSB2510688).

## I.   BACKGROUND

Plaintiff William Crigler ("Plaintiff" or "Crigler") filed this case on April 16, 2025, in San Bernardino County Superior Court alleging several employment-related state-law claims against his former employer, Defendant XPO, Inc. ("XPO"), and his former supervisor, Defendant Saundra Coyle ("Coyle") (collectively, "Defendants"), under California's Fair Employment and Housing Act ("FEHA") and other California labor laws. ECF 1.

The operative Complaint alleges as follows: Crigler was employed by XPO as a sales representative from January 9, 2023, to November 1, 2024. ECF 4 (Mazin Decl.) ¶ 2, Ex. 1 (Compl.) ¶ 9. Crigler was the only Black male sales representative in California during this period. *Id.* ¶ 26. Despite his excellent performance record, he was subject to "persistent harassment, unfair scrutiny, pretextual performance complaints, and [ultimately] termination." *Id.* ¶¶ 11-12. Specifically, Crigler claims that Coyle repeatedly harassed him due to his race. *Id.* ¶¶ 17, 86. Coyle made demeaning comments about him, unnecessarily micromanaged him despite his strong sales performance, and demanded unreasonable things of him. *Id.* Coyle also scrutinized his whereabouts, expected Crigler to respond immediately, and disciplined him in a manner that was undeserved and harsher than how similarly situated non-Black employees were disciplined. *Id.* ¶¶ 18, 86. Coyle also purportedly placed him on a performance improvement plan, without any prior disciplinary action or provision of coaching and despite the fact that he was close to meeting his sales targets. *Id.* ¶¶ 13-15, 86. Non-Black employees were being

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01776-MRA-JPR | Date | December 5, 2025 |
|---|---|---|---|
| Title | *William Crigler v. XPO, Inc., et al.* | | |

spared the same treatment despite having comparable or worse performance records than him. *Id.* ¶ 17.

On these factual allegations, Crigler brings a claim of racial harassment under FEHA, Cal. Gov't Code § 12940, *et seq.*, and a related claim for declaratory and injunctive relief against Defendants. *Id.* ¶¶ 85-100. On July 14, 2025, Defendants removed this action to federal court based on diversity jurisdiction. ECF 1 ¶ 9. In the Notice of Removal, Defendants contend that although Crigler and Coyle are both citizens of California, Coyle is a sham defendant who was fraudulently joined solely to prevent removal. *Id.* ¶¶ 10-13, 16-19. On August 21, 2025, Plaintiff filed the instant Motion, arguing that the Court lacks diversity jurisdiction because Coyle was not fraudulently joined. ECF 12. Defendants opposed, and Plaintiff filed a reply. ECF 21, 22.

## II.     LEGAL STANDARD

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may exercise jurisdiction only when authorized by the Constitution or a statute. *Id.* A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1). Complete diversity exists when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Under 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing defendant, however, bears the burden of establishing that removal is proper. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Removal statutes are to be strictly construed, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety, *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The propriety of removal "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01776-MRA-JPR | Date | December 5, 2025 |
|---|---|---|---|
| Title | *William Crigler v. XPO, Inc., et al.* | | |

### III. **DISCUSSION**

#### A. **Meet and Confer**

Defendants argue that Plaintiff's Motion should be denied for failure to meet and confer. ECF 20 at 14. Plaintiff concedes that he did not comply with the meet-and-confer requirement under Local Rule 7-3. ECF 21 at 5.

Local Rule 7-3 requires that the moving party "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days prior to filing the motion. L.R. 7-3. "If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must" affirm that the meet and confer happened, and the date on which it took place. *Id.* "The Court may decline to consider a motion that fails to satisfy these requirements." *Mosavi v. Brown*, No. LA 15-CV-04147-VAP-AFMx, 2018 WL 5911761, at *3 (C.D. Cal. Aug. 7, 2018) (citing L.R. 7-4); *see also Valdovinos v. Cnty. of Los Angeles*, No. CV 06-7580 JVS (SHx), 2008 WL 2872648, at *2 (C.D. Cal. July 23, 2008) (denying motions in limine for failure to comply with L.R. 7-3); *United Fabrics Int'l, Inc. v. J.C. Penney Corp., Inc.*, No. CV 08-1936-VBF (PJWx), 2009 WL 10675629, at *1 (C.D. Cal. Apr. 23, 2009) (same). The Court may also sanction a party for failure to comply with Local Rule 7-3. *See, e.g., Channell Commercial Corp. v. Wilmington Mach., Inc.*, No. EDCV 14-2240 DMG (DTBx), 2016 WL 7638181, at *4 (C.D. Cal. Mar. 25, 2016) (issuing sanctions for failure to comply with Local Rule 7-3).

The Court admonishes Plaintiff for failing to meet and confer but nevertheless considers the motion on its merits. "[F]ederal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists," *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013), and the Court finds that it lacks jurisdiction over this matter, for the reasons explained below.

#### B. **Diversity Jurisdiction**

As noted above, Plaintiff moves to remand this case for lack of diversity jurisdiction on the grounds that both Crigler and Coyle are citizens of California, and Coyle is a proper defendant. ECF 12. Defendants respond that Coyle's citizenship can be disregarded because she was fraudulently joined by Plaintiff to prevent removal. ECF 20.

A non-diverse defendant may be disregarded for diversity jurisdiction purposes if they have been fraudulently joined. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent." *Rangel*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01776-MRA-JPR | Date | December 5, 2025 |
|---|---|---|---|
| Title | *William Crigler v. XPO, Inc., et al.* | | |

*v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1030 (C.D. Cal. 2016) (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "Although there is a general presumption against fraudulent joinder, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.'" *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation omitted) (quoting *McCabe*, 811 F.2d at 1339). "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Hunter*, 582 F.3d at 1043. However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 1046 (citation omitted). "[W]hile the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined, in many cases, the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (internal citation omitted). Further, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.

Plaintiff contends that he alleges a colorable claim of discriminatory harassment against Coyle, such that her joinder was proper. ECF 12 at 5. Defendants dispute that Plaintiff has stated a claim against Coyle, arguing that the factual allegations in the complaint do not rise to the level of a hostile work environment and that Coyle's purported conduct is "the very definition of legitimate 'personnel management activities,'" not actionable harassment. ECF 20 at 8-12.

Under FEHA, it is unlawful for an employer to harass an employee because of "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, reproductive health decisionmaking, or veteran or military status." Cal. Gov't Code § 12940(j)(1). An employee can be personally liable for discriminatory harassment under FEHA. Cal. Gov't Code § 12940(j)(3) ("An employee of an entity subject to [FEHA § 12940(j)] is personally liable for any harassment prohibited by [§ 12940(j)] that is perpetrated by the employee."); *see also Raines v. U.S. Healthworks Med. Grp.*, 15 Cal. 5th 268, 277 (2023) (explaining that FEHA "expressly imposes liability on the employees who are responsible for the harassment"). To establish a prima facie case of unlawful harassment under FEHA, an employee must show that the harassing conduct was "unwelcome" and "sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive work environment." *Bailey v. San Francisco Dist. Attorney's Off.*, 16 Cal. 5th 611, 627 (2024) (citation omitted). "The objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position." *Id.* "Whether a work environment is reasonably perceived as hostile"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01776-MRA-JPR | Date | December 5, 2025 |
|---|---|---|---|
| Title | *William Crigler v. XPO, Inc., et al.* | | |

is not "a mathematically precise test" and may depend on "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (citations omitted).

The Court finds that there is at least some possibility that a state court would find that the complaint states a cause of action against Coyle. *See Grancare*, 889 F.3d at 549. Plaintiff alleges that Coyle engaged in a pattern of abusive conduct, including demeaning comments, unnecessary micromanagement, and undeservedly harsher discipline against him than against non-Black comparators. The Court disagrees with Defendants that no reasonable person would find that these interactions created a hostile work environment. To the contrary, the Court finds that these allegations, taken as true, lead to the reasonable inference that Coyle engaged in sufficiently severe or pervasive conduct that altered the conditions of Crigler's employment and created a hostile work environment. While Defendants attempt to cast Coyle's actions as personnel management actions, the California Supreme Court has explained that personnel management actions may be relied upon as evidence in support of a harassment claim. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 705 (2009). "Some official employment actions done in furtherance of a supervisor's managerial role can . . . have a secondary effect of communicating a hostile message," especially "when the actions establish a widespread pattern of bias." *Id.* at 709. Plaintiff so alleges here.

Defendants' position generally misses the mark. They do not assert that Plaintiff's claim against Coyle cannot be maintained at all. Rather, they challenge the sufficiency of Plaintiff's allegations. *See* ECF 20 at 9-10 (arguing that Plaintiff's allegations against Coyle "do not rise to the level of a hostile work environment," are "devoid of any further facts," or amount to "everyday work encounters"). In doing so, Defendants improperly equate fraudulent joinder with Rule 12(b)(6), "conflat[ing] a jurisdictional inquiry with an adjudication on the merits." *Grancare*, 889 F.3d at 549. Even if the Court agreed with Defendants that Plaintiff's allegations are insufficient to withstand a Rule 12(b)(6) motion, "the fraudulent inquiry does not end there" because the purported deficiencies can "possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. At base, Defendants have not shown that Plaintiff's harassment claim against Coyle is "wholly insubstantial and frivolous." *Id.* at 549. "Because [Defendants'] arguments go to the sufficiency of the complaint, rather than to the possible viability of [Plaintiff's] claims against [Coyle], they do not establish fraudulent joinder." *Id.* at 552; *see also Hamilton*, 494 F.3d at 1206 (explaining that the failure to state a claim must be "obvious according to the settled rules of the state" for joinder to be fraudulent).

Thus, the Court finds that Defendants have not met their burden. Because Coyle and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01776-MRA-JPR | Date | December 5, 2025 |
|---|---|---|---|
| Title | *William Crigler v. XPO, Inc., et al.* | | |

Crigler are not diverse, the Court lacks subject matter jurisdiction over this case. Accordingly, Plaintiff's Motion is **GRANTED**.

    **C.**    **Attorneys' Fees**

Plaintiff moves for attorney fees in connection with the Motion to Remand. Courts may grant attorney's fees under 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Despite Defendants' unavailing arguments, the Court does not find that Defendants lacked an objectively reasonable basis for seeking removal, as reflected in the analysis above. Thus, Plaintiff's request for attorneys' fees is DENIED.

**IV.**    **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This action is remanded to San Bernardino County Superior Court (Case No. CIVSB2510688). The Clerk of the Court is directed to close this case.

    **IT IS SO ORDERED.**

                                                                                                         \_\_\_ : \_\_\_

                                        Initials of Deputy Clerk    mku